**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA, Criminal No. 17-20184

Plaintiff, Honorable Judith E. Levy

v.

D-1 COREY TONEY,
D-2 EDWARD TAVORN,
D-3 ANDRE CHATTAM,
D-4 KEVIN PEARSON,
D-5 SONTEZ WELLS,

Defendants.
_____________________________________/

## STIPULATION REGARDING PROTECTIVE ORDER

The parties to the above criminal action do hereby stipulate and agree as follows:

1. Upon receiving discovery and related materials[1] from the government, Defendants, defense counsel, defense counsel's assistants and agents, helping in defense preparation, and the Defense Discovery Coordinator Christopher Antone (the "DDC"), collectively "the Defense Parties," shall treat such materials, including copies of such materials, including personal medical records or information, as confidential;

[1] The government has obtained numerous documents, records, recordings, photographs, and other materials in furtherance of this investigation, that will be provided to the defense, or made available for review by the defense, pursuant to the government's obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500. These items are referred to as "discovery and related materials."

2. Defendants may review such materials at any time in the presence of their defense counsel, defense counsel's legal assistants or other employees assisting in defense preparation;

3. Defendants may review such materials independently, in a facility that allows the defendant to use discovery disks or other digital storage device ("DSD"), under the following guidelines:

a. The DSD shall be labeled with the defendant's name;

b. The facility shall maintain possession of any DSD. The facility administrators or appropriate staff will maintain custody of the DSD and release them to the defendant during the date and times designated for the defendant to review discovery. When the defendant is finished reviewing the discovery, the defendant shall return all the DSDs to the facility administrators;

c. After the defendants have completed the discovery review session, the defendants shall not be permitted to keep or take with them any discovery materials in any form including, but not limited to copies and notes of such materials. Any notes created by the defendants related to the discovery materials in any way, shall be maintained with the discovery materials, and any legal correspondence contained in a defendant's discovery notes will be treated in accordance with the facility's policy covering such correspondence;

d. If the facility has an official policy where it will not maintain custody of the discovery DSDs, the DSDs are to be maintained in the exclusive custody of the defendant. The defendant is prohibited from giving the DSDs to anyone other than the appropriate facility staff, defense counsel, or an individual working under the direction of defense counsel. The defendant is prohibited from sharing, in any way, discovery materials, in any form, including but not limited to copies and notes of such materials with anyone other than the appropriate facility staff, defense counsel, or an individual working under the direction of defense counsel; and

e. If, while the DSDs are in defendant's custody, the DSDs are lost, discovered missing, or stolen, the defendant is obligated to immediately notify the appropriate facility staff and defense counsel.

4. Defendants may review such materials independently, in a facility that allows the defendant to use a laptop computer (no disks or other DSDs), under the following guidelines:

a. Each defendant will be provided a laptop labeled with his name;

b. During a date and time set by the facility administrators, the defendant may access the laptop in a location designated by the facility administrators; and

c. The laptop will be stored by facility officials in a secure area; the defendant will not maintain possession of the laptop beyond the designated discovery review hours.

5. This protective order shall be binding on the facility administrators and any and all of their employees. Each administrator will be provided a copy of the protective order by the DDC.

6. The Defense Parties may disclose, make copies of, or reveal the contents of such materials to defense counsel's assistants and agents, helping in defense preparation, and to defense experts, provided that counsel instructs such other persons that further disclosure is prohibited.

7. The Defense Parties shall not disclose, make copies of, or reveal the contents of such materials to any other persons without prior written consent of the government or further order of the Court.

8. Any and all discovery and related materials received by the Defense Parties, and copies of such materials, shall be returned to the government at the conclusion of these proceedings. Defense counsel may retain any notes made by Defendants, the defense, and experts under the conditions provided above, or shall destroy them.

9. This stipulation and order applies to the Defense Parties in this case, and to any defendants and their counsel who may later be added in superseding indictments.

SO STIPULATED BY:

/s/ Jerome F. Gorgon Jr.
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
jerome.gorgon@usdoj.gov
(313) 226-9676

/s/ Matt Savich w/permission
Attorney for Corey Toney
39500 High Pointe Boulevard, Ste. 400
Novi, MI 48375
mattisav13@aol.com
(248) 344-2293

[continued on next page]

/s/ Sanford A. Schulman w/permission
Attorney for Edward Tavorn
500 Griswold St., Ste. 2340
Detroit, MI 48226
saschulman@comcast.net
(313) 963-4740

/s/ David S. Steingold w/permission
Attorney for Kevin Pearson
400 Monroe Street, Ste. 280
Detroit, MI 48226
detroitdefender@yahoo.com
(313) 962-0000

/s/ Warren E. Harris w/permission
Attorney for Andre Chattam
30100 Telegraph Road, Ste. 422
Bingham Farms, MI 48025
WEH050844@aol.com
(248) 645-6500

/s/ Harold Gurewitz w/permission
Attorney for Sontez Wells
333 W. Fort Street, Ste. 1400
Detroit, MI 48226
hgurewitz@grplc.com
(313) 628-4733

/s/ Henry M. Scharg w/permission
Attorney for Andre Chattam
615 Griswold St., Ste. 711
Detroit, MI 48226
hmsattyatlaw@aol.com
(248) 596-1111

Dated: November 7, 2017

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA, Criminal No. 17-20184

Plaintiff, Honorable Judith E. Levy

v.

D-1 COREY TONEY,
D-2 EDWARD TAVORN,
D-3 ANDRE CHATTAM,
D-4 KEVIN PEARSON,
D-5 SONTEZ WELLS,

Defendants.
_____________________________________/

**PROTECTIVE ORDER**

This Court, having reviewed the stipulation below, being advised in the matter, and for the reasons stated by the parties,

IT IS HEREBY ORDERED that the pretrial disclosure of discovery and related materials, as defined in the stipulation below, is controlled by the provisions of the stipulation and agreement.

Dated: November 7, 2017
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge