**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

Plaintiff,

v.

D-2 Edward Tavorn,
D-6 George Eubanks,
D-7 James Bowens,

Defendants.
_______________________________________/

Criminal No. 17-20184

Honorable Judith E. Levy

**STIPULATED PROTECTIVE ORDER**

This Court, having reviewed the stipulation below, being advised in the matter, and for the reasons stated by the parties,

**IT IS HEREBY ORDERED** that the disclosure of grand jury and Jencks materials, as described in the stipulation below, is authorized under Federal Rule of Criminal Procedure 6(e)(3) and is controlled by the provisions of the stipulation and agreement under Federal Rule of Criminal Procedure 16(d).

SO ORDERED.

s/Judith E. Levy
Hon. Judith E. Levy
United States District Judge

Date: January 10, 2020

**STIPULATION REGARDING GRAND JURY AND JENCKS MATERIALS**

The government has charged the defendants with RICO conspiracy, in violation of 18 U.S.C. § 1962(d), and related charges for their role in the YNS (Young and Scantless) street gang. The Court entered an initial stipulation and protective order governing prior discovery on November 7, 2017. (R. 110: Stipulation and Protective Order).

The government intends to call several former members of the gang in its case-in-chief and victim witnesses, some of whom testified before the grand jury. But Federal Rule of Criminal Procedure 6(e) prohibits the disclosure of such materials without permission of the Court. See Fed. R. Crim. P. 6(e)(i).

In addition, Rule 16 governs pretrial discovery in criminal cases. Fed. R. Crim. P. 16. But Rule 16(a)(2) specifically states that it does not "authorize the discovery or inspection of statements made by prospective government witnesses." Fed. R. Crim. P. 16(a)(2). Instead, the Jencks Act controls when such statements are disclosed. 18 U.S.C. § 3500. The Jencks Act prescribes the time when such statements must be produced to a defendant—not until after that witness has testified on direct examination. 18 U.S.C. § 3500(a). The reason for this restriction is to protect potential witnesses.

Nonetheless, the government intends to disclose cooperating witnesses' grand jury and Jencks material before these witnesses testify to assist Defendants in their preparation for trial. But such disclosure in prior cases has resulted in defendants

circulating grand jury and Jencks material within detention centers in an effort to intimidate and/or retaliate against cooperating witnesses. Accordingly, the parties request permission from the Court to disclose this grand jury and Jencks material, but only in accordance with the accompanying protective order.

THEREFORE, the parties stipulate and agree to the following:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Protective Order pertains to all discovery material provided to, or made available to, defense counsel and labeled as falling under this protective order.

3. By signing this Stipulation, defense counsel agrees not to share any discovery material produced pursuant to this Protective Order with anyone other than defense counsel, designated defense investigators, support staff, or any other individuals necessary for assisting the defense in the preparation and trial of this matter. Defense counsel may permit their client to view discovery material produced under this Protective Order in the presence of his attorneys, defense investigators, and support staff, but **the defendant may not retain or copy any information contained in this discovery material**, including copies and notes of such discovery material. Defendant also shall not be permitted to keep or take with them any photograph or recording of such discovery material.

4. The discovery material and information therein may only be used in connection with the litigation of this case and for no other purpose. The discovery

material is now and will forever remain the property of the United States Government. Defense counsel will return the material to the government at the conclusion of this case and permanently delete any copies from their computer systems. If any defense counsel, defense investigator, or support staff has produced hard copies of the discovery material, the hard copies shall be shredded. Within 90 days following the conclusion of the litigation in this matter, to include when any direct appeal has become final, defense counsel shall certify in writing to counsel for the United States that all of the discovery material have been returned, destroyed and/or shredded.

5. In the event the defense seeks to utilize the discovery material produced under this Protective Order in any court filing, at trial, or in another hearing in this matter, any information that may identify the source of such material must be redacted prior to its use. Furthermore, any court filings shall be filed in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure and the Electronic Filing Policies and procedures of the United States District Court for the Eastern District of Michigan.

6. Defense counsel shall be responsible for advising his or her respective defendant, employees, and other members of the defense team of the contents of this Protective Order, and instructing such others persons that further disclosure of the discovery material is prohibited. Any unauthorized disclosure of discovery material may constitute a violation of this Court's Protective Order.

7. In the event that a Defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted

counsel agrees also to be bound by this Protective Order.

IT IS SO STIPULATED.

Dated: January 9, 2020

/s/ Jerome F. Gorgon Jr.
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
jerome.gorgon@usdoj.gov
(313) 226-9676

/s/ Robert Jerome White
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
robert.white@usdoj.gov
(313) 226-9620

/s/ Danielle Asher
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Danielle.Asher@usdoj.gov
(313) 226-9518

/s/ Sanford A. Schulman w/perm.
Attorney for Edward Tavorn
500 Griswold St., Ste. 2340
Detroit, MI 48226
saschulman@comcast.net
(313) 963-4740

/s/ James W. Amberg w/perm.
Attorney for James Bowens
32121 Woodward, Ave.
Royal Oak, MI 48073
jamberg@amberglaw.net
(248) 681-6255

/s/ Victor Mansour w/perm.
Attorney for George Eubanks
Mansour Law, P.C.
32121 Woodward Ave, Suite PH
Royal Oak, MI 48073
victor@mansourlawpc.com
(248) 579-9800